# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-03185 AHM (PLAx) | Date | May 17, 2011 |
|---|---|---|---|

| Title | ROBERT VAN EMAN v. NOVARTIS PHARMACEUTICALS CORP. |
|---|---|

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:      Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

       Before the Court is a Complaint filed by plaintiff Robert Van Eman ("Plaintiff"). The Complaint alleges claims for strict liability, negligent manufacturing, failure to warn, and breach of implied and express warranties, arising out of defendant Novartis' ("Defendant") production and marketing of drugs that cause osteonecrosis of the jaw. Based on the allegations in the Complaint, Plaintiff resides in Elizabeth, Pennsylvania and Defendant is a Delaware corporation with principal offices located in New Jersey.

       The Court orders the parties separately to show cause, in writing not to exceed 10 pages, why this action should not be transferred to the United States District Court for the Western District of Pennsylvania ("Western District of Pennsylvania") for the convenience of the parties and witnesses, and in the interests of justice. See 28 U.S.C. §§ 124(a), 1404(a). All factual matters relied upon in the parties' submissions must be supported by appropriate declarations and admissible evidence. To assist the Court in determining whether transfer is appropriate and in the interest of justice, the parties are directed to address the following, in addition to sharing their beliefs as to which forum is more convenient for the parties and witnesses:

1. Whether this action could have been brought in the Western District of Pennsylvania;

2. Whether venue is appropriate in the Western District of Pennsylvania;

3. What contacts, if any, each of the parties has to the Central District of California ("Central District") and to the Western District of Pennsylvania. The parties should include information regarding the location of their administrative offices, real property,

sources of revenue, and points of public contact;

4. What connection Plaintiff's causes of action have to the Central District and to the Western District of Pennsylvania;

5. Which witnesses are expected to be called and where they reside;

6. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District as compared to the Western District of Pennsylvania;

7. The ease of access to sources of proof in each of the two forums;

8. The expected difference in the cost of litigation in the Central District as compared to the Western District of Pennsylvania; and

9. Whether there are any alternative forums, other than the Central District or the Western District of Pennsylvania, that would be more convenient for this action and why, keeping in mind the inquiries above.

    The parties are ordered to file their respective responses to this Order no later than June 7, 2011. Failure by Plaintiff timely to respond to this Order may result in the dismissal of this action without prejudice.

    IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | SMO |